488

No. 29,063.

CORNELIUS JACKSON et al., Trustees, *Appellees,* v. TOM JONES et al.,
*Appellants.*

(287 Pac. 603.)

Opinion filed May 3, 1930.

*Rush L. Fisette,* of Kansas City, for the appellants.

*Charles W. Gorsuch, Chauncey B. Little* and *Judson S. West,* all of Olathe, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The action is by Cornelius Jackson, Fanny Brown and Mary B. Andrews, as trustees of the Primitive Baptist Church of Johnson county, and by that church to recover from the defendants the property in which the plaintiffs and defendants had been worshipping as members of a church organization. Judgment was rendered in favor of the plaintiffs, and the defendants appeal.

The action was tried by a jury, which returned a verdict in favor of the plaintiffs and answered special questions as follows:

"1. Do the defendants in this action constitute a majority of the members of the Primitive Baptist Church of Shawnee, Kansas, at the time the congregation divided into two factions? A. Find no such church in existence at this time.

"2. Have the defendants departed from the fundamental doctrines of the Primitive Baptist Church in any vital particular? A. Yes.

"3. If you answer the last question in the affirmative, state in what vital particular the defendants have departed from the fundamental doctrines of

the Primitive Baptist Church. A. Departed in that they violated the traditions and practices of the Primitive Baptist Church by permitting the church to admit members of secret societies.

"4. Had the church voted at a regular conference of the congregation to adopt any doctrinal change prior to the time when the two factions in the church separated? A. Yes.

"5. If you answer the last question in the affirmative, state whether the plaintiffs or any of them voted to make any such doctrinal change. A. Yes. But retracted when they fully understood.

"6. Does the Primitive Baptist Church of Johnson county, Kansas, as grantee in the deed of conveyance conveying the church property and the Primitive Baptist Church of Shawnee, Johnson county, Kansas, as disclosed by the evidence, constitute one and the same religious organization? A. No."

■ At the close of the evidence of the plaintiffs the defendants demurred thereto. That demurrer was overruled. The defendants argue that it should have been sustained. There was evidence which tended to prove that Cornelius Jackson, Fanny Brown and Mary B. Andrews, plaintiffs, were trustees of the Primitive Baptist Church of Johnson county, Kansas, and that the following was what is described as the abstract of faith of that church:

"First: We believe in one true and living God, the Father, and Son, the Holy Ghost.

"Second: We believe that the scriptures of the old and new testaments are the words of God and the only rule of faith and practice.

"Third: We believe in doctrine of election; that God chose his people in Christ before the faith of the world.

"Fourth: We believe in the doctrine of the original sin.

"Fifth: We believe that man is unable to recover himself from the fallen state he is in by his own free will and ability.

"Sixth: We believe that sinners are justified in the sight of God, only by the imputed righteousness of Christ.

"Seventh: We believe that God's elect will be called, converted, regenerated and sanctified by the holy spirit.

"Eighth: We believe that a saint shall preserve his grace and never fall finally away.

"Ninth: We believe that baptism, the Lord's supper and the washing of saints' feet are ordinances of Jesus Christ, and the only true mode of baptism is immersion.

"Tenth: We believe that there will be a resurrection of the dead, and the happiness of the righteous, and that the punishment of the wicked will be everlasting.

"Eleventh: We believe that no minister has the right to the administration of gospel ordinance but such as have been baptized, called and come under the imposition of hands of the presbytery.

"Twelfth: We believe that none but regularly baptized members have the right to commune at the Lord's table."

The evidence tended to prove that the practice of that church was not to admit or recognize any member belonging to any secret society; that the government of the church was strictly congregational; that there was no authority higher than that of the congregation; but that at the forty-fourth annual meeting of the Kaw River Association of the Primitive Baptist Churches, the association put the following in the minutes of its proceedings:

"On motion the Kaw River Association will not knowingly fellowship any church who holds members belonging to any secret order."

A division arose concerning the admission into the church of members of secret societies. A vote of the congregation was taken, at which a large majority voted to admit members of such societies. Afterward, when the proposition that had been voted on was fully understood, some of those who had voted in favor of admitting members of secret societies withdrew their approval of that action. The plaintiffs adhere to nonadmission of members of secret societies, while the defendants favor the admission of such persons. A controversy arose over the possession of the church property. The extent and nature of that controversy is immaterial. This action was commenced to determine whether the church property should be controlled by plaintiffs, who were the trustees of the church and adhered to the old practice of the church not to admit to membership the members of secret societies, or by the defendants, who allowed the admission of such persons to membership in the church. The evidence was properly submitted to the jury. It was not error to overrule the demurrer to the evidence.

■ The defendants say:

"The court erred in admitting incompetent testimony over appellants' objection in this: That Fannie Brown, appellee, was permitted to testify that she and Cornelius Jackson and Mary Andrews were the trustees of the church which called for a conclusion of the witness and her answer was a self-serving declaration and not the best evidence, the church record of the conference and their election being the best evidence, which was never introduced by appellees in evidence."

The real controversy in this case does not concern the question who were trustees, but concerns a principle or matter of church government. It was not prejudicially erroneous to permit one of those who were trustees to testify to that fact without producing the record of their election. If the controversy had been one be-

tween parties claiming to be rival trustees and the question depended on whether or not one side or the other was elected, the record of election might have been the best evidence; but, in the absence of such a controversy, the witness was properly permitted to testify whether she held a particular office and whether or not others with her held a like office. It was not reversible error to admit the evidence of Fanny Brown.

■ The defendants contend that "the verdict of the jury is in whole or in part contrary to the evidence produced and contrary to law pertaining to the case as given in the court's instructions." The church was organized in the eighties, and the real estate on which the church was built was conveyed to certain persons as trustees of "The Primitive Baptist Church of Johnson County, Kansas." After the division in the church, the defendant faction procured a charter from the state and undertook to incorporate the church under the name of "The Primitive Baptist Church of Shawnee, Kansas." They named five persons other than the plaintiffs as trustees. The church had been organized and was in existence long before the corporation was organized. The title to the property was not transferred to that corporation nor to its trustees. It remains in the Primitive Baptist Church of Johnson County, Kansas, and did not vest in the Primitive Baptist Church of Shawnee, Kansas. Neither the corporation nor its trustees had any right to the control of the property. The organization of the corporation amounted to a withdrawal of its adherents from the old organization.

In 34 Cyc. 1167 the following will be found:

"The separation or secession of part of the members from a church does not destroy the identity of the church nor lessen the rights of those adhering to the organization, but members seceding from a church thereby forfeit all rights to the church property, and the courts, when called upon, will award the property, and all rights pertaining thereto, to those who continue to adhere to the doctrine, tenets, and rules of the church as they existed before the division."

There was only one church building and one Primitive Baptist Church of Johnson County, Kansas. The incorporation was a step resorted to by the defendants for the purpose of getting control of the property. Control could not be acquired in that manner. With all of this in mind, the verdict of the jury and the answers

to the special questions are easily understood, and it can be safely said that they were supported by evidence and responded to the instructions given by the court.

The judgment is affirmed: